UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIA BLOUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>    Defendant. | Case No.  2:24-cv-1115-JDP (SS)<br><br>ORDER |

Plaintiff Demetria Blount seeks judicial review of a final decision, issued by the Commissioner of Social Security Administration ("SSA"), denying her application for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. ECF No. 1.  Defendant filed a motion to dismiss for failure to state a claim.  ECF No. 7.  When plaintiff failed to file an opposition or statement of non-opposition, I ordered plaintiff to show cause for why this action should not be dismissed for her failure to file an opposition.  ECF No. 8.  I also instructed plaintiff to file her opposition within fourteen days of the order.  *Id.*  To date, plaintiff has not filed an opposition to defendant's motion.  Plaintiff has filed only a response comprised of a declaration from counsel stating that counsel mis-calendared the opposition deadline and asking that the court deny defendant's motion.  ECF No. 9.  For the reasons set out below, I will grant defendant's motion.

1

**Background**

Plaintiff applied for SSI benefits on May 7, 2021. ECF No. 7-1 at 8. The SSA denied her application initially, upon reconsideration, and after an administrative hearing. *Id*. The Appeals Council upheld this denial, and the SSA mailed notice of the decision to plaintiff on February 1, 2024. *Id.* at 3. The notice stated that plaintiff could challenge the unfavorable decision by filing a civil action in federal court within sixty days of receipt.[1] *Id*. at 24. To meet this deadline, plaintiff needed either to file a federal action by April 8, 2024, or to submit a request to the Appeals Council for additional time. *Id.* at 24-25. The SSA does not have a record of a request from plaintiff to extend time. *Id.* at 4.

On April 12, 2024, plaintiff filed a civil complaint for review of the SSA's decision. ECF No. 1. Defendant filed a motion to dismiss plaintiff's claim for failure to commence the action by the statutory deadline of April 8, 2024. ECF No. 7. Under the court's scheduling order, plaintiff was required to file an opposition or statement of non-opposition to defendant's motion within fourteen days after service of that motion. ECF No. 5. After plaintiff failed to file any response, I ordered her to show cause why this action should not be dismissed and directed plaintiff to file an opposition within fourteen days. ECF No. 8. On August 6, 2024, plaintiff filed a response comprised of a declaration from counsel stating that counsel mis-calendared the opposition deadline, acknowledging that the complaint "was late," and asking that the court deny defendant's motion. ECF No. 9. Plaintiff again did not file an opposition brief.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content

---

[1] Unless shown otherwise, it is presumed that plaintiff received the administrative law judge's decision "5 days after the date on the notice." 20 C.F.R. § 416.1401.

1  that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Iqbal*, 556 U.S. at 678.
3        When a complaint or claim is dismissed, "[l]eave to amend should be granted unless the
4  district court determines that the pleading could not possibly be cured by the allegation of other
5  facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). Leave to amend is
6  not required where permitting further amendment to the pleadings would be futile. *See*
7  *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049-50 (9th Cir. 2006).

## Analysis

Defendant contends that dismissal is required because plaintiff failed to file this action within the sixty-day deadline provided by 42 U.S.C. § 405(g).[2] Plaintiff, through declaration by her counsel, does not dispute that the deadline has passed and admits that the complaint was late. ECF No. 9-1. The declaration provides no legal grounds for plaintiff's request to deny defendant's motion to dismiss. *See id.*

The Social Security Act establishes a timetable for obtaining judicial review of administrative decisions:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g). This time limitation is strictly construed. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (citing *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.")).

---

[2] While a statute-of-limitations defense is typically raised in an answer, "when the running of the statute is apparent from the face of the complaint, as it is in the present case, then the defense may be raised by a motion to dismiss." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980)). In such a case, dismissal "should be granted 'only if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Id.* (quoting *Jablon*, 614 F.2d at 682).

There is no dispute that plaintiff filed her complaint untimely. The SSA mailed plaintiff the ALJ's notice of decision on February 1, 2024. The notice outlined plaintiff's rights and the applicable deadlines. Plaintiff had until April 8, 2024, to file an action in federal court but did not do so until April 14, 2024. A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Here, it is apparent that plaintiff did not properly file within the prescribed statutory period. Plaintiff acknowledges this defect and has twice failed to file an opposition brief.

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 7, is granted.

2. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   November 13, 2024                          _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE